*Municipal Court of the City of Boston*

· No. T-16335.

## DENA RADIN

v.

## CHARTERHOUSE OF MASSACHUSETTS, INC.

Argued: Apr. 25, 1969   Decided: May 21, 1969

*Present:* Adlow, C.J., Lewiton, J. Martin, Sp. J.

Case tried to *Shamon, J.* in the Municipal Court of the City of Boston    No. T-16335.

*Martin, Sp. J.*   This is an action of tort for personal injuries in which the single justice found for the plaintiff in the amount of $6,500. The defendant seeks relief by way of this report, claiming error in the denial of its requested rulings.

Shortly after 11:00 p.m. on Sunday, June 19, 1966, the plaintiff drove to the premises of the defendant, the lessee of the motel premises in which the accident occurred, to call for her son, aged 13, who was attending a birthday party

of a friend in the so-called function room of the motel. There was evidence that it was not unusual for the function room to be rented for children's affairs, for children to guests at such affairs and for parents of such children to bring them by motor vehicle to such affairs and to return to call for them, particularly at night.

To reach the function room from the defendant's parking lot, the plaintiff descended a stone stairway, fifteen feet in length which had a metal tubing measuring eleven feet six inches on each side. The railing terminated two steps from the bottom of the stairway. The court found that there was *insufficient lighting* in the vicinity of the stairway which the plaintiff was descending.

When the plaintiff reached the end of the railing, on which she had placed her left hand, she assumed that she was at the bottom of the stairway, whereas there was in fact two more steps to descend. The plaintiff fell and sustained a broken bone in her right foot.

The defendant filed fourteen requests for rulings with the court, which denied them all save for one minor matter of little importance. Even though it is apparent that the requested rulings were properly denied, it is unnecessary to consider them in detail because, in his oral argument, the defendant has waived all arguments forming the basis for the requested report save the following one:

that a finding for the plaintiff based solely upon the fact that the stair railing did not extend for the full length of the stairway was incorrect, as a matter of law.

But the court did not so find. In his report, the trial judge states "I find that there was insufficient lighting in the vicinity of the stairway which the plaintiff was descending and that she reasonably assumed that the stairway ended when the railing thereon ended."

In the light of the nature of the defendant's business as a motel renting facilities for social events to which guests would be invited, it seems clear that the plaintiff's status on the defendant's premises was that of an invitee.

Such being the case, the defendant had a duty of keeping its premises in a reasonably safe condition for the plaintiff's use in descending the stairway to the function room to call for her son to take him home, or, at least, to warn her against any dangers attendant upon such use that were not known to her or obvious to an ordinarily intelligent person, and either were known or, in the exercise of reasonable care, should have been known to the defendant. *Sterns* v. *Highland Hotel Co.,* 307 Mass. 90.

The court found that the defendant, in view of the factual combination of a stair railing which did not extend the full length of the stairway coupled with inadequate lighting of the area, was negligent in its duty to the plain-

tiff and that the plaintiff's injury was attributable to such negligence.

In view of the above considerations the order must be: **Report dismissed.**

Lawrence H. Adler
   of Boston for the Plaintiff.

John F. Davis
   of Boston for the Defendant.